IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-21154-KMM

GUCCI AMERICA, INC., a New York
corporation,

        Plaintiff,

vs.

2REPLICAWATCHES.COM *et al.*,

        Defendants.
_____/

## ORDER GRANTING SECOND EX PARTE APPLICATION
## FOR A TEMPORARY RESTRAINING ORDER

THIS CAUSE came before the Court on Plaintiff's Second *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction (the "Second Application for TRO") (ECF No. 41). UPON CONSIDERATION of the Motion, the pertinent portions of the Record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I.   BACKGROUND[1]

Gucci is the registered owner of numerous trademarks used in connection with the manufacture and distribution of high quality handbags, wallets, shoulder bags, belts, key rings, watches, sweaters, shirts, shoes, eyeglasses, sunglasses, ties, duffle bags, jewelry, suitcases, and caps. Among these trademarks are trademarks associated with United States Patent and Trademark Office ("USPTO") No. 0,959,338, registered on May 22, 1973; USPTO No. 1,107,311, registered on November 28, 1978; USPTO No. 1,122,780, registered on July 24,

---

[1] The facts herein are taken from Plaintiff's First Amended Complaint (ECF No. 40) and Plaintiff's Second Application for TRO (ECF No. 41).

1979, USPTO No. 1,168,477, registered on September 8, 1981; USPTO No. 1,340,599, registered on June 11, 1985; USPTO No. 3,039,629, registered on January 10, 2006; USPTO No. 3,072,549, March 28, 2006; USPTO No. 3,376,129, registered on January 29, 2008; USPTO No. 3,378,755, registered on February 5, 2008; USPTO No. 3,391,739, registered on March 4, 2008 (collectively, the "Gucci Marks"). Defendants 178 - 322 are unknown partnerships or unincorporated associations who are believed to use, or assist others in using, the commercial Internet websites operating under the domain names identified on Schedule "A" hereto (collectively, the "Group II Subject Domain Names").

Recently Plaintiff became aware of the potential sale of counterfeit versions of Plaintiff's products by Defendants 178 - 322. This is alleged to have been accomplished by Defendants 178 - 322 through the operation of commercial Internet websites operating under domain names such as 360knockoffs.com, guccioutletessale.com, and guccihandbagshops.com.[2] In response to Defendants 178 - 322's alleged trademark infringement, Plaintiff again retained Investigative Consultants, a licensed private investigative firm, to investigate the sale of counterfeit versions of Plaintiff's products by Defendants 178 - 322.

Malerie Maggio, an employee of Investigative Consultants, purchased several different products bearing the Gucci Marks at issue via the various Internet websites operated by Defendants 178 - 322. See Second Decl. of Malerie Maggio at ¶ 4. At the conclusion of the process, Ms. Maggio forwarded detailed web page captures of the Gucci branded goods purchased to Gucci's representative, Nicole Marra, for inspection. Id. Ms. Marra personally analyzed the detailed web page captures of the Gucci branded goods purchased by Ms. Maggio and determined the purchased goods to be non-genuine, unauthorized Gucci branded products.

---

[2] The complete list of websites includes one hundred, forty-five domain names. For a complete list, see Schedule A of this Order.

See Second Decl. of Nicole Marra at ¶¶ 12, 15. Additionally, Ms. Marra conducted a review of the various Gucci branded products offered for sale by Defendants 178 – 322 via the Internet websites operating under each of the Group II Subject Domain Names, and determined the products were not genuine and/or authorized Gucci products. Id. at ¶¶ 13, 15.

## II.   LEGAL STANDARD

In order to prevail on a motion for an *ex parte* temporary restraining order, Plaintiff must show that

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b). "An *ex parte* restraining order is an extreme remedy only to be used with the utmost caution." Levine v. Comcoa, Ltd., 70 F.3d 1191, 1194 (11th Cir. 1995).

Once the moving party meets the threshold requirements of Rule 65(b) to secure an *ex parte* temporary restraining order, Plaintiff must demonstrate (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest in order to obtain injunctive relief. Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

## III.   ANALYSIS

The declarations Plaintiff submitted in support of its Second Application for a temporary restraining order ("Second TRO") support the following conclusions of law:

3

1. Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by Defendants 178 - 322's advertisement, promotion, sale, offer for sale, and/or distribution of handbags, wallets, shoulder bags, belts, key rings, watches, sweaters, shirts, shoes, eyeglasses, sunglasses, ties, duffle bags, jewelry, suitcases, and caps bearing counterfeits, reproductions, and/or colorable imitations of the Gucci Marks, and that the handbags, wallets, shoulder bags, belts, key rings, watches, sweaters, shirts, shoes, eyeglasses, sunglasses, ties, duffle bags, jewelry, suitcases, and caps Defendants 178 - 322 are selling copies of Plaintiff's products that bear marks which are substantially indistinguishable from and/or colorful imitations of the Gucci Marks.

2. Because of the infringement of the Gucci Marks, Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted.

    a. Through the operation of one hundred, forty-five Internet websites, Defendants 178 - 322 are operating Internet businesses which advertise, promote, offer for sale, and sell, handbags, wallets, shoulder bags, belts, key rings, watches, sweaters, shirts, shoes, eyeglasses, sunglasses, ties, duffle bags, jewelry, suitcases, and caps bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;

    b. There is good cause to believe that more counterfeit and infringing handbags, wallets, shoulder bags, belts, key rings, watches, sweaters, shirts, shoes, eyeglasses, sunglasses, ties, duffle bags, jewelry, suitcases, and caps bearing Plaintiff's trademarks will appear in the marketplace; that consumers may be

misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products;

c. Given the ease with which Defendants 178 - 322 may transfer and/or redirect commercial activity from one Internet Domain Name to another, there is good cause to believe that if Plaintiff proceeds on notice to Defendants on this Second Application for TRO, Plaintiff's ability to obtain meaningful relief will be thwarted;

d. The balance of potential harm to Defendants 178 - 322 in restraining their trade in counterfeit and infringing branded products if the Second TRO is issued is far outweighed by the potential harm to Plaintiff, its reputation, and goodwill as a manufacturer of high quality products, if such relief is not issued; and

e. The public interest favors issuance of the Second TRO to protect Plaintiff's trademark interests and the public from being defrauded by the palming off of counterfeit products as genuine products of Plaintiff.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED AND ADJUDGED that Plaintiff's Second *Ex Parte* Application is GRANTED. It is further

ORDERED AND ADJUDGED that

1. Each Defendant, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them having notice of this Order are hereby temporarily restrained:

5

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Gucci Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the Gucci Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Gucci Marks, or any confusingly similar trademarks.

2. Each Defendant, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them having notice of this Order shall immediately discontinue the use of the Gucci Marks or any confusingly similar trademarks, on or in connection with all Internet websites owned and operated, or controlled by them, including the Internet websites operating under the Group II Subject Domain Names;[3]

3. Each Defendant, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them having notice of this Order shall immediately discontinue the use of the Gucci Marks or any confusingly similar trademarks within domain name extensions, metatags, or other markers within website source code, on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer

---

[3] See Schedule A of this Order.

searches to websites registered by, owned, or operated by each Defendant, including the Internet websites operating under the Group II Subject Domain Names;

4. Each Defendant shall not transfer ownership of the Group II Subject Domain Names during the pendency of this Action, or until further Order of the Court;

5. The domain name Registrars for the Group II Subject Domain Names are directed to transfer to Plaintiff's counsel, for deposit with this Court, domain name certificates for the Subject Domain Names;

6. Upon Plaintiff's request, the privacy protection service for any of the Group II Subject Domain Names which the Registrant uses to conceal the Registrant's identity and contact information is ordered to disclose to Plaintiff the true identities and contact information of the Registrant;

7. Upon entry of this Order, Plaintiff shall provide a copy of the Order by email to the registrar of record for each of the Group II Subject Domain Names, so that the registrar of record of each of the Group II Subject Domain Names may, in turn, notify each registrant of the Order and provide notice of the locking of the domain name to the registrant of record. After providing such notice to the registrars so the domain names may be locked, Plaintiff shall also provide notice and a copy of this Order to the registrant of each Group II Subject Domain Name via email to the email address provided as part of the domain registration data for each of the Group II Subject Domain Names identified in the Second Application for TRO. If any email address was not provided as part of the domain registration data for a Group II Subject Domain Name, Plaintiff shall provide notice and a copy of this Order to the operators of the Internet websites via an email address and/or online submission forms provided on the Internet websites operating

under such Group II Subject Domain Names. After forty-eight (48) hours have elapsed after the emailing of this Order to the registrars of record and the registrants, Plaintiff shall provide a copy of this Order to the registries for the Group II Subject Domain Names for the purposes described in Paragraph 8, *infra*;

8. The Registrars shall immediately assist in changing the Registrar of record for the Group II Subject Domain Names, excepting any such domain names which such Registrars have been notified in writing by the Plaintiff have been or will be dismissed from this action, to a holding account with a Registrar of Plaintiff's choosing (the "New Registrar"). To the extent the Registrars do not assist in changing the Registrars of Record for the domains under their respective control within one (1) business day of receipt of this Second TRO, the top-level domain (TLD) Registries (or their administrators) for the Group II Subject Domain Names, within five (5) business days of receipt of this Second TRO, shall update the Registrar of record for the Group II Subject Domain Names, excepting any such domain names which such Registries have been notified in writing by the Plaintiff have been or will be dismissed from this action, to the New Registrar. As a matter of law, this Second TRO shall no longer apply to any Defendant or associated domain name dismissed from this action. Upon the change of the Registrar of record for the Group II Subject Domain Names, the New Registrar will maintain access to the Group II Subject Domain Names in trust for the Court during the pendency of this action. Additionally, the New Registrar shall immediately institute a temporary 302 domain name redirection which will automatically redirect any visitor to the Group II Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/ggserp/index.html whereon copies of the First Amended

8

Complaint and all other documents on file in this action are displayed. Alternatively, the New Registrar may update the Domain Name System ("DNS") data it maintains for the Group II Subject Domain Names, which link the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where copies of the Complaint, First Amended Complaint, Summonses, Second TRO, and all other documents on file in this action are displayed. After the New Registrar has effected this change the Group II Subject Domain Names shall be placed on Lock status, preventing the modification or deletion of the domains by the Registrar or Defendants 178 - 322;

9. Plaintiff may enter the Group II Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by Defendants 178 - 322 which redirect traffic to the counterfeit operations to a new domain name and thereby evade the provisions of this Order;

10. Each Defendant shall preserve copies of all their computer files relating to the use of any of the Group II Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Group II Subject Domain Names that may have been deleted before the entry of this Order;

11. This Second TRO shall remain in effect until the date for the hearing on the Second Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties, but under no circumstances shall this Second TRO remain in effect for more than fourteen (14) days from the date of this Order;

12. This Second TRO shall apply to the Group II Subject Domain Names and any other domain names properly brought to the Court's attention by sworn affidavit which verifies such new domain names are being used by Defendant 178 - 322 for the purpose of counterfeiting the Gucci Marks at issue in this action and/or unfairly competing with Gucci on the World Wide Web or in connection with search engine results pages;

13. Pursuant to 15 U.S.C. § 1116(d)(5)(D), Plaintiff shall maintain its previously posted bond in the amount of One Hundred Thousand Dollars and Zero Cents ($100,000.00), as payment of damages to which Defendants 178 - 322 may be entitled for a wrongful injunction or restraint;

14. A hearing is set before this Court in the United States Courthouse located at 400 North Miami Avenue, Miami, Florida 33128, Courtroom 13-1, on May 31, 2012, at 2:00 p.m., or at such other time that this Court deems appropriate, at which time Defendants 178 - 322 and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction;

15. Plaintiff shall serve copies of the Complaint, First Amended Complaint, Second Application for TRO, and this Second TRO and all other pleadings and documents on file in this action on Defendants 178 - 322 by email as described above and by posting copies of the Second Application for TRO and this Second TRO on the website located at http://servingnotice.com/ggserp/index.html within forty-eight (48) hours of control of the Group II Subject Domain Names being changed to the Court via the New Registrar's holding account, and such notice so given shall be deemed good and sufficient service thereof. Plaintiff shall continue to provide notice of these proceedings and copies of the

documents on file in this matter to Defendants 178 - 322 by regularly updating the website located at http://servingnotice.com/ggserp/index.html or by other means reasonably calculated to give notice which are permitted by the Court. Any response or opposition to Plaintiff's Second Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel prior to the hearing set for May 31, 2012, and filed with the Court, along with Proof of Service, on or before May 29, 2012. Plaintiff shall file any Reply Memorandum on or before May 31, 2012. The above dates may be revised upon stipulation by all parties and approval of this Court. Defendants 178 - 322 are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d) and Fed. R. Civ. P. 65.

DONE AND ORDERED in chambers at Miami, Florida, this 22nd day of May, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record

## SCHEDULE "A"
## DEFENDANTS BY DEFENDANT NUMBER AND SUBJECT DOMAIN NAMES

| Defendant # | Domain Name |
|---|---|
| 178 | 360knockoffs.com |
| 179 | 51cheaphandbags.com |
| 180 | 51knockoffs.com |
| 181 | aaccessorywow.com |
| 182 | alittlefashion.com |
| 183 | amorebag.com |
| 184 | areplicabags.com |
| 185 | artpittsburgh.com |
| 186 | bagbay.biz |
| 187 | bagoutletfactory.net |
| 188 | bagoutletonlines.net |
| 189 | bagoutletsfactory.net |
| 190 | bagoutletsonline.net |
| 191 | bags-replica-shopping.com |
| 192 | bags-replicas-shop.org |
| 193 | beltser.com |
| 194 | betaphile.net |
| 195 | buybagsoutlet.com |
| 196 | buycheapguccionline.com |
| 197 | buygucciwallets.com |
| 198 | buytopbag.org |
| 199 | buytopbags.org |
| 200 | buytophandbags.net |
| 201 | buy-top-replicas.org |
| 202 | buywatchshop.org |
| 203 | casebags.com |
| 204 | cbags.org |
| 205 | cheapguccibelts-malls.com |
| 206 | cheapguccionsales.com |
| 207 | cheapguccioutletonline.org |
| 208 | cheapgucci-shop.com |
| 209 | cheapguccishopping.com |
| 210 | cheappursesdiscount.com |
| 211 | cheapsunglassessaler.com |
| 212 | clothesmallsale.com |
| 213 | coachpurses4cheap.com |
| 214 | curiousblue.com |
| 215 | designationbelt.com |
| 216 | designerclearanceonline.com |
| 217 | designerhandbagscheapest.com |
| 218 | discount-gucci-bags.net |

| | |
|---|---|
| 219 | discounthandbagd.com |
| 220 | doterhandbags.org |
| 221 | ebaygucci.com |
| 222 | egalass.com |
| 223 | eluxury4u.com |
| 224 | enjoyfakewatches.com |
| 225 | exquisitebag.net |
| 226 | fairhandbagss.com |
| 227 | fakebeltss.com |
| 228 | fakeguccibeltss.com |
| 229 | fantaccy.com |
| 230 | forcheapersale.com |
| 231 | galaxyiahandbags.com |
| 232 | giftcute.com |
| 233 | globalguccistore.com |
| 234 | goinhandbag.com |
| 235 | gooddesignerhandbags.com |
| 236 | goodsbusiness.com |
| 237 | go-replica-handbags.com |
| 238 | guccibagsaleoutlets.com |
| 239 | guccihandbagshops.com |
| 240 | guccihandbagsreplicas.com |
| 241 | guccioutlet-clearance.com |
| 242 | guccioutletessale.com |
| 243 | guccioutletessales.com |
| 244 | guccioutlet-factorys.com |
| 245 | guccioutletgucci.com |
| 246 | gucci-outlet-gucci-handbags.com |
| 247 | gucci-outletmall.com |
| 248 | guccioutletonline4.com |
| 249 | gucci-outletonline-s.com |
| 250 | guccioutletonlinestore.info |
| 251 | guccioutletparty.com |
| 252 | guccioutlet-saless.com |
| 253 | gucci-outlet-sale-store.com |
| 254 | guccioutletsonlineshop.net |
| 255 | guccioutletvogue.com |
| 256 | guccireplica2012.com |
| 257 | guccireplicabagshandbags.com |
| 258 | guccisaleoutlet.com |
| 259 | guccisalessoutlet.com |
| 260 | guccisoutletsales.com |
| 261 | guccistorebuy.com |
| 262 | guccisza.com |
| 263 | handbag-base.com |

| | |
|---|---|
| 264 | handbag-base.net |
| 265 | handbagsclearanceoutlet.com |
| 266 | handbags-lifestyle.com |
| 267 | hbosta.org.cn |
| 268 | high-replica-handbags.co |
| 269 | high-replicashandbags.net |
| 270 | icheaphandbags.com |
| 271 | idealtradestore.com |
| 272 | itguccioutletsale.com |
| 273 | kisswomenwatches.com |
| 274 | knockoffbagscheap.com |
| 275 | knockoffonline.com |
| 276 | louisvuittonbagspeedys.com |
| 277 | louisvuittonwatchesformen.com |
| 278 | luxuriesline.com |
| 279 | luxurywatchcopy.com |
| 280 | newfakewatches.com |
| 281 | newguccionlinesale.com |
| 282 | newstyle-trends.com |
| 283 | nfljerseyscheapauthentic.com |
| 284 | onlinegroupon.com |
| 285 | outletsguccisale.net |
| 286 | queenhandbag.com |
| 287 | replica8watches.com |
| 288 | replicalvclearance.com |
| 289 | replicass.com |
| 290 | replicawatchesfirm.com |
| 291 | replicawatch-online.com |
| 292 | seasonaihandbags.com |
| 293 | sellmalls.com |
| 294 | shopforluxuryclothes.com |
| 295 | shopknockoff.com |
| 296 | shoplikeclothing.com |
| 297 | stanleyhelin.net |
| 298 | storenvy.com |
| 299 | thankshoppers.com |
| 300 | thedesignerreplica.com |
| 301 | tiwbags.com |
| 302 | tobeeone.com |
| 303 | top-buyer.com |
| 304 | toplouisvuittoncheap.com |
| 305 | top-replica.biz |
| 306 | tradekem.com |
| 307 | tradeonlineshoes.com |
| 308 | ukguccihandbags.net |

|     |     |
| --- | --- |
| 309 | uk-watches-store.com |
| 310 | usaguccioutletsale.com |
| 311 | usaguccioutlet-sale.com |
| 312 | usmlbhats.com |
| 313 | vip-handbags.org |
| 314 | voguebagsale.com |
| 315 | watchescentre.biz |
| 316 | watchescorp.com |
| 317 | watchesenterprise.com |
| 318 | watchesonlineco.com |
| 319 | weartoimpress.com |
| 320 | wholesalef.com |
| 321 | yourhandbagsgifts.com |
| 322 | zvbag.com |